Mr. Schultz, do you doubtless think your case sounds eerily similar to the one just argued? I do think that it does. May it please the court, counsel for the government, Todd Schultz, Assistant Federal Public Defender, I'm not opposed to standing on the shoulders of giants, and so I'm not going to repeat everything that Mr. Tice did, but I am going to try to build on it slightly. It is our position that there are three locations within the definition of dwelling that are broader than the locations of generic burglary. There's been extensive discussion about mobile homes and trailers. I believe those to be essentially overlapping terms. One man's mobile home may be another man's trailer. Look, words are actually not made out of silly putty. We are supposed to read statutes so that words in a list are similar in some way, unless of course the state judiciary has told us not to do it. So we've got this definition of dwelling in the state statute, Part A of which includes tent, vehicle, other enclosed space intended for human habitation, and Part B of which, B is limited to the residential burglary statute, deals with house, apartment, mobile home, etc. Why doesn't one read the second as different from the first? If you say that it all mushes together and everything could mean the same thing, you've just lost the whole purpose of drafting statutes like this in separate sections. Well, Your Honor, I'm actually not suggesting that the whole thing should be mushed together. I'm suggesting that the court would look specifically at 2-6B, which is the definition of dwelling in the context that we're dealing with. For the residential burglary statute as opposed to the general burglary statute. And one of the things that the court mentioned with respect to mobile homes was this idea that all homes are movable. I would think by that assessment, there is no such thing as a fixed structure. The technology is such that just about any building can be moved. They can move a lighthouse on Cape Hatteras Island. I don't think that that would be considered a movable lighthouse. Old English castles have been moved to Arizona. But you're not suggesting that this means there is no such thing as burglary, because in the end, everything is movable. And indeed, in the end, the proton itself will decay and everything will turn back to dust. Right, Your Honor. I guess what I'm trying to suggest is that a mobile home is not a building or structure as that within the meaning. In my understanding, a mobile home is a prefabricated house, which is towed on a big rig to the site rather than built on the site. And then it's taken off the tow, put on the ground, attached to utilities, and used just like a house. Well, Your Honor, I would agree that it could be, but the distinction between a mobile home and a regular home is that a mobile home is actually on wheels. No, a mobile home is never on wheels. A mobile home is put up on the back of a semi-tractor, then taken off, put on the ground, and it stays there. There are no wheels on a mobile home. There are wheels on a trailer, at least potentially. Okay. My understanding, and it sounds like I'm honestly not that familiar with the minutiae, but my understanding is that a mobile home, and perhaps maybe I'm talking about a trailer, but that a trailer actually has a hitch and has wheels on it and something called a tongue, and that people can live in that. There's a tongue on a trailer. Okay. So I would suggest to you that a trailer... You know, this is why we are asking, at least I'm asking, for state cases. If you have a state case which says that mobile home, instead of meaning the things you see in mobile home parks where they're all on the ground and it's just a residential subdivision of prefabricated housing, if you have a state case saying that it also, a mobile home also means something like Justice Thomas' Winnebago, even though that looks like it's a vehicle under A, I would love to see that. That would be a big boost for you. Your Honor, and there's no doubt I would love to present that to you. I do think, though, and I've spent more time trying to find that case than I probably should have. I haven't found one. But, Your Honor, I do think it's important that this Court, when it was looking at a different Illinois statute, the Illinois burglary statute, in the case of Haney, noted that it did not fall within the generic definition or the generic definition locations of burglary, specifically said because it includes vehicles, such as house trailers, watercraft, aircraft, and motor vehicles. So I believe that Haney indicates this Court considers house trailers to be a vehicle based upon its decision in Haney. But, Your Honor, I think, you know, the Court, given the questions that it has about mobile homes and trailers, there's a third location in the dwelling definition that I believe would be difficult to write any more broadly, which is to say a dwelling is other living quarters where a person resides or intends to reside within a reasonable period of time. And those words have meaning. We can't just ignore that they're there. And so I think it's a fair question to say, well, what would other living quarters be? And you don't have to use your imagination. People live in tents. People live on houseboats. People live in RVs. And then we're just mushing A and B together. A begins, except as provided in B, it includes a tent, a vehicle, right? You just want us to wrap it all up in one. No, Your Honor. I guess what I'm saying is, I mean, the language other living quarters has meaning in Section B. I don't view Section A as a limitation. But presumably as something other than a tent. Well, to me, I would think all due respect, respectfully, it would seem to me when you read the definition of dwelling, it may be an oversimplification, but it seems to say they want any place a person lives to come within the definition of dwelling. And so it would not seem to make sense to suggest that somehow they don't want to cover people who live in tents. Or, you know what, if you live in a houseboat. Okay. I suppose the ingenuity of judges is very great. So has any judge in Illinois understood B, the definition of dwelling for the residential burglary statute, to include entry into a tent where people live? Your Honor. Or a vehicle where people live? Right. And so, no, they haven't. And I was worried, although the Court hasn't said the opinion, but I know the government references Duane Alvarez in its brief. And I would just suggest that if you look at the analysis that the Supreme Court undertook in Mathis, and I believe this Court in Haney, I don't think this Court in Haney in looking at the residential burglary statute looked to Illinois cases where burglary was charged to a car. And certainly the Supreme Court in deciding Mathis didn't reference any state court opinion that had ever referenced burglary to one of those locations outside the generic definition. And so I think this case is distinguishable from cases like Duane's Alvarez, where there's a necessity to reference state court rulings where this alternate location outside the scope has been charged. The question surely can't be, well, it doesn't come within the ambit of the statute because a prosecutor wouldn't charge it. I mean, that's not the analysis. The Court in Mathis makes it clear that you take the statute and put it side-by-side the generic definition. And based upon that, are there locations that fall outside? That's something one can't do because there isn't any federal generic definition to put it side-by-side with. The Supreme Court is making it up as it goes along. Well, I guess what I'm suggesting is that you would place the Illinois residential burglary statute side-by-side the generic definition of burglary as set forth in Taylor. And if you do that, we've spoken about the three locations that would arguably obviously seem to be outside of the generic definition. One thing that the government doesn't address in its brief is, what are other living quarters? And surely it can't be that, well, if the Illinois courts haven't told us what other living quarters are, there is no such thing. So I'll reserve the remainder of my time for rebuttal. Certainly, Mr. Schultz. Ms. Ruppert, you can tell what I'm going to ask. Do you know of any cases that your three predecessors haven't found? I would love to see them. Your Honor, and I'm trying to speculate what Illinois is doing with this language. It would be better to see what they're doing. And I agree. And much like Mr. Schultz, I also did a deep dive into Illinois state law to try and find anything that supported our position or was contrary to our position that a mobile home or a trailer or other living quarters fell outside of, you know, the auspices of a building or structure as defined by Taylor. Certainly a good amount of ground has been covered by both appellants as well as the preceding AUSA. And so my focus would then just be as it relates to building or structure, Mathis talks about when you're deciding between means and elements, that to make that distinction, to look to authoritative sources of state law, to the state supreme courts. I suggest that that's a worthy pursuit in terms of deciding whether or not the locations contained within dwelling are buildings. On two occasions, the Illinois Supreme Court and another appellate court have referenced them as buildings. In People v. Campbell, clear as day, it says that the elements of residential burglary are entry into a building. That was in 1992, and an appellate court in Illinois as recently as 2011 reiterated that it requires entry into a building. Again, in People v. Taylor, when they were discussing whether vehicle burglary was a lesser included offense, they held that it was not because it required entry into a vehicle as opposed to a building. So we submit that sources of Illinois state law shed light and instruct us that the locations contained within the dwelling definition are, in fact, buildings. And as this court has pointed out, that in terms of reading all of these terms together in a list, that mobile home and trailer, that trail, the concept of it being maybe a smaller version of a mobile home, I think that's spot on. And I think that that's evident in actually one of the cases appellant cites to in his brief, People v. Torres, where that court was kind of using mobile home and trailer interchangeably, so it would appear that court aligns those two locations as being similar. And therefore, again, that falls within the definition of building. And the last point I would just like to make for the court is, as it relates to Duane S. Alvarez, it states clearly that to find a state statute creates a crime outside of the generic definition of a listed crime and a federal statute requires more than application of legal imagination. It requires a realistic probability, not a theoretical possibility, that the state would apply its statute to conduct that falls outside the generic definition of a crime. So, Your Honor, as it relates to this inquiry of 35 years of Illinois jurisprudence on the residential burglary statute and not being able to find a single case that discusses whether or not these locations are buildings or not, I submit that then Duane S. Alvarez instructs us that because we can't point to a case where it shows that there are locations outside of the generic definition, that, in fact, these are buildings. And so, in conclusion, we would just ask that this court affirm the decision of the district court. If there are no other questions, I will be seated. Mr. Schultz, anything further? Your Honor, I have nothing further. Well, thank you very much. The case is taken under advisement.